On respondents - cross-appellants Fred Meyer Real Estate Properties, Ltd.'s, Fred Meyer, Inc.'s and Fred Meyer Liquidating Corp.'s petition for reconsideration filed February 13, and cross-motion to determine appellant jurisdiction filed May 5, and appellants - cross-respondents Virginia Hughes Chiles, Executrix of the Estate of Earle A. Chiles, deceased, Virginia H. Chiles', Earl M. Chiles' and Southeast Company's petition for reconsideration filed February 14, and appellants - cross-respondents Virginia Hughes Chiles, Executrix of the Estate of Earle A. Chiles, deceased, Virginia H. Chiles' and Earl M. Chiles' motion to determine appellate court jurisdiction filed April 19; on appellants - cross-respondents Virginia Hughes Chiles, Executrix of the Estate of Earle A. Chiles, deceased, Virginia H. Chiles' and Earl M. Chiles' petition for attorney fees and expenses filed February 2, and corrections to appellants - cross-respondents' petition for attorney fees and expenses filed March 1; respondents - cross-appellants' petition for reconsideration allowed, opinion (94 Or App 604, 767 P2d 903) affirmed as modified, cross-appeal affirmed as modified, award of costs adhered to as modified, appellants - cross-respondents' petition for reconsideration and for award of attorney fees and expenses denied, respondents - cross-appellants' cross-motion to determine appellate jurisdiction denied May 24, Chiles's reconsideration and Robertson's reconsideration denied June 30, both petitions for review pending 1989

CHILES et al,
*Appellants - Cross-Respondents,*

*v.*

ROBERTSON et al,
*Respondents,*

*and*

FRED MEYER REAL ESTATE
PROPERTIES, LTD., et al,
*Respondents - Cross-Appellants,*

DUANE COMPANY et al,
*Nominal Defendants - Respondents.*

FRED MEYER, INC., et al,
*Respondents - Cross-Appellants,*

*v.*

SOUTHEAST COMPANY,
*Appellant - Cross-Respondent,*

FRED MEYER LIQUIDATING CORP.,
*Respondent - Cross-Appellant.*

(A8309-05871; A8411-06749; CA A42591)

774 P2d 500

Barnes H. Ellis, Charles F. Hinkle, Joyce Ann Harpole and Stoel, Rives, Boley, Jones & Grey, Portland, for Fred Meyer Real Estate Properties, Ltd.'s, Fred Meyer, Inc.'s, and Fred Meyer Liquidating Corp.'s petition for reconsideration, response and objections to appellants' and cross-respondents' petition for attorney fees and expenses and cross-motion to determine appellate jurisdiction.

Michael E. Arthur, Frank E. Nash, Bruce A. Rubin, Mark C. McClanahan and Miller, Nash, Wiener, Hager & Carlsen, Portland, for Virginia Hughes Chiles, Executrix of the Estate of Earle A. Chiles, deceased's, Virginia H. Chiles' and Earl M. Chiles' petition for reconsideration, motion to determine appellate court jurisdiction, petition for attorney fees and expenses and correction, and reply to objections to petition for attorney fees and expenses.

Before Joseph, Chief Judge,* and Warren and Rossman, Judges.

---

* Joseph, C. J., *vice* Warden, P. J., retired.

WARREN, J.

**WARREN, J.**

Plaintiffs and defendants separately petition for reconsideration of our decision in this case. 94 Or App 604, 767 P2d 903 (1988). Plaintiffs also petition for an award of attorney fees and assert that we are without jurisdiction to determine an issue concerning the trial court's award of attorney fees. We allow defendants' petition in order to discuss several factual issues. We modify our former opinion in accordance with our discussion and adhere to the opinion as modified. We deny plaintiffs' petitions for reconsideration and attorney fees but allow the jurisdictional motion.

We first consider the factual issues. In our former opinion, we stated that defendant Roberts developed the two-entity structure for the buyout after the Old FMI[1] board rejected KKR's September, 1980, offer of $45 per share and that he did so in order to find a way to improve that offer. 94 Or App at 613-614. Defendants correctly point out that the basic nature of the two-entity structure was visible as early as July, 1980. Therefore, Roberts could not have developed it in order to find a way to improve the September offer. There were other changes that allowed KKR to do that. We modify our opinion to reflect the correct chronology. The rest of our discussion of the structure and of its treatment of the RECs is unaffected by the modification.

Defendants dispute our statement that the lease of the Hazel Dell Home Improvement Center did not contain a reasonableness clause. 94 Or App at 629. The trial court, at page 10 of its memorandum opinion, found:

> "The leases from EFEM Company, Fifth Avenue Corp., and *Vanoak Corporation* on the Gresham and Clackamas land leases *and Hazel Dell Home Improvement Center* did not contain reasonableness clauses." (Emphasis supplied.)

In their opening brief, defendants stated that they accepted the trial court's findings of fact as they appeared in certain portions of its memorandum opinion, including "BACKGROUND OF THE CASE (pages 1-11 top line)." Section 8 of the lease in question prohibits an assignment without the landlord's consent and contains no reasonableness provision.

---

[1] With one exception, we continue to use the abbreviations that we used in our former opinion.

Section 14.6 does contain a general requirement that the landlord exercise its judgment in a reasonable manner whenever its consent or approval is required under any of the provisions of the lease. Because defendants originally accepted the trial court's construction of the lease, plaintiffs did not have any reason to respond to defendants' present argument. We decline to reconsider this issue, which defendants raise for the first time by their petition for reconsideration.

Defendants correctly point out an inadvertent error in our opinion. We stated that the trial court held that defendants "engaged in oppressive conduct toward plaintiffs with respect to those leases that contained reasonableness clauses * * *." 94 Or App at 639. That statement is incorrect. We modify it to read that the trial court held that defendants "engaged in oppressive conduct toward plaintiffs with respect to those leases that did not contain reasonableness clauses * * *."

Finally, the claim on which the trial court awarded attorney fees to plaintiffs but deferred ruling on the amount was not plaintiffs' third claim, as we stated, but defendants' third counterclaim, in which they sought to reform the Clackamas and Gresham leases to include a reasonableness clause. We modify the opinion to correct that error.

■ We turn to plaintiffs' motions. Plaintiffs assert, in their motion to determine appellate court jurisdiction, that we were without jurisdiction to rule on the correctness of the trial court's action on attorney fees on defendants' third counterclaim. They are correct. As we noted in our original opinion, in paragraph 6 of the judgment the trial court "authorized but did not award attorney fees to plaintiffs * * *." 94 Or App at 607 n 2. The trial court thereafter granted plaintiffs' motion to defer setting the amount of fees until all appellate issues were resolved. 94 Or App at 644. We did not note in our former opinion that the trial court's ruling came *after* the entry of the judgment and *after* the filing of the notice of appeal.

Under ORS 19.033(1), a trial court retains jurisdiction, despite the entry of an appealable judgment, to resolve costs and attorney fees issues after the filing of a notice of appeal. After the trial court does so, a dissatisfied party may seek appellate review in accordance with ORAP 2.07. In this case, the correctness of the trial court's determination to

award attorney fees on the third counterclaim could not be an issue on the cross-appeal, because there was no award to challenge. Because the trial court never entered an award, there was never an occasion for defendants to file an amended notice of cross-appeal in order to raise the issue. It simply is not before us. We therefore modify our former opinion to delete any reference to the merits of the attorney fee award on the third counterclaim, and we dismiss the cross-appeal to the extent that it raises that issue.[2]

■        Plaintiffs petition for attorney fees of $319,353 and non-taxable costs of $3,280.69 for services on this appeal.[3] Their primary argument is that they have obtained benefits for the RECs derivatively and are entitled to fees as a result. At 94 Or App 636 n 30, we stated:

> "Although plaintiffs asserted both direct and derivative claims in their pleadings, the trial court decided only the direct issues related to the consents. Because we conclude that the remedies available in a direct action are equitable as to those issues, we also will not consider those derivative claims."

Among the remedies available in a derivative action is an award of attorney fees from the corporation for the benefits provided to it. *Krause v. Mason,* 272 Or 351, 358-359, 537 P2d 105 (1975). When we determined that the remedies available to plaintiffs in a direct action on the consents issue were equitable as to those issues, we necessarily determined that plaintiffs were not entitled to a derivative award of attorney fees on them.

Plaintiffs argue that their success on their third claim, in which the trial court held that the RECs were not bound by a constructive trust to hold their properties for the benefit of Old FMI, entitles them to attorney fees on appeal. The trial court found that its holding on that claim benefitted the RECs in an undetermined amount. Because we confused plaintiffs' third claim with defendants' third counterclaim in our original opinion, we did not properly consider plaintiffs' assignment that the trial court erred in refusing to award

---

[2] We deny defendants' cross-motion to determine appellate jurisdiction.

[3] Plaintiffs cite no authority for an award of costs in addition to those taxable by law. We know of none. We deny the petition for non-taxable costs.

attorney fees on the third claim. We now hold that plaintiffs are entitled on remand to fees on that issue in the trial court and modify our former opinion accordingly. However, defendants did not challenge the trial court's substantive ruling on the third claim in their cross-appeal, and it was, therefore, not necessary for plaintiffs to defend it. It is not a basis for an award of appellate attorney fees.

The only issues on which plaintiffs would be entitled to attorney fees on appeal are the minor claims, where we held that the trial court had made or should make derivative awards. *See* 94 Or App at 642. However, those issues required only a small portion of the time that plaintiffs' attorneys spent on the appeal, and it is impossible from the records that they submitted to determine how much time was involved. In their petition, plaintiffs emphasize the "idle funds" issue, which did potentially involve a significant amount of money, but the trial court's ruling on that issue was not in question on appeal. In any event, the trial court found that the Special Litigation Committee's recommendations, which defendants followed, provided a proper resolution of the problem. Under our former opinion, it may be appropriate for the trial court on remand to award a fee for whatever services plaintiffs rendered in achieving that result, but there is no ground for a fee on appeal.[4]

Respondents - cross-appellants' petition for reconsideration allowed; opinion modified to correct fact misstatements; appellants - cross-respondents' motion to determine appellate court jurisdiction with respect to attorney fees allowed and disposition modified to delete reversal of paragraph 6 of the trial court's judgment and to dismiss defendants' cross-appeal to the extent that it assigns error to award of attorney fees; cross-appeal otherwise affirmed; award of costs modified so that cross-respondents are prevailing party and cross-appellants pay costs on cross-appeal; adhered to as modified; appellants - cross-respondents' petition for reconsideration and for an award of attorney fees and expenses denied.

---

[4] Plaintiffs seek leave to file a supplemental complaint relating to events since the original trial. That is a matter for the trial court's consideration on remand.