Argued and submitted July 17, affirmed August 28, reconsideration allowed
by opinion November 27, 1991
See 110 Or App 14, 821 P2d 418 (1991)

Paul H. STRINGER
and Timothy D. Schubert,
*Appellants,*

*v.*

CAR DATA SYSTEMS, INC.,
Consumer Data Systems, Inc., James L. Adkisson,
David W. Agnor, Sharon Agnor, James L. Agnor,
Arlene L. Belanger, Peter G. Bock,
Susan D. Ebner, Mark S. Boyd,
Jeffrey Scott Carlson, Lawrence R. Custer,
Stephen J. Ebner, William A. Henry,
John H. Hodges, Sr., Bernal Hug, Jr.,
Virginia Hug, Celas A. Hug, Kent Hug,
Cheryl Hug, Paul E. Johnson, Corleen Johnson,
Mark Anthony Royal Kallenberger, David E. Lamb,
Jacqueline C. Lamb, Steven D. Lee, Claudia J. Lee,
Leslie R. Lock, Terry R. Lock, Steve P. Nagel,
Henry B. Shafer, Bob Sievers, Jr.,
Judy A. Sievers, Donald Smith,
Richard M. Botteri and Weiss, Descamp & Botteri,
*Respondents,*

*and*

Elizabeth A. PERRY
and James B. Kargman,
*Nominal Defendants.*

(A8907-04022; CA A65113)

816 P2d 677

Robert J. McGaughey, Portland, argued the cause and filed the briefs for appellants.

Mark A. Turner, Portland, argued the cause for respondents Car Data Systems, Inc., James L. Adkisson, Peter G. Bock, Mark S. Boyd, Celas A. Hug, Kent Hug and David E. Lamb. With him on the brief was Ater Wynne Hewitt Dodson & Skerritt, Portland.

Peter C. Richter, Carolyn E. Wells and Miller, Nash, Wiener, Hager & Carlsen, Portland, filed the brief for respondents Consumer Data Systems, Inc., David W. Agnor, Sharon Agnor, Arlene L. Belanger, Jeffrey Scott Carlson, Lawrence R. Custer, William A. Henry, John H. Hodges, Sr., Paul E.

Johnson, Corleen Johnson, Mark Anthony Royal Kallen-berger, Jacqueline C. Lamb, Leslie R. Lock, Terry R. Lock, Steve P. Nagel, Henry B. Shafer, Bob Sievers, Jr., Judy A. Sievers and Donald Smith.

Thomas W. Brown, Portland, argued the cause for respondents Richard M. Botteri and Weiss, DesCamp & Botteri. With him on the brief was Cosgrave, Vergeer & Kester, Portland.

No appearance for James L. Agnor, Susan D. Ebner, Stephen J. Ebner, Bernal Hug, Jr., Virginia Hug, Cheryl Hug, Steven D. Lee and Claudia J. Lee.

Before Richardson, Presiding Judge, and Deits and De Muniz, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs were two of the 36 shareholders of Consumer Data Systems, Inc. (CDS). Plaintiffs contend that 32 of the other 34 shareholders, along with the corporation's attorneys, devised and participated in an arrangement whereby they created a new corporation, Car Data Systems, Inc. (Car Data), transferred their stock in CDS to Car Data, brought about the merger of CDS into Car Data and, through the plan of merger, then caused Car Data to attempt to buy plaintiffs' CDS shares for far less than their value. *But see* note 1, *infra*.

Plaintiffs brought this tort action against Car Data, the attorneys and the 32 shareholders, whom they label "majority shareholders," while labeling themselves and the other two who opposed the merger· as "minority shareholders." Plaintiffs alleged, *inter alia*, claims for breach of fiduciary duty and for civil conspiracy. Defendants filed *seriatim* ORCP 21 motions to dismiss. The trial court granted the motions, and plaintiffs appeal from the resulting judgments.

The trial court apparently granted the motions to dismiss for several reasons. However, two of those reasons, independently or in combination, are decisive of all issues relevant to this appeal: Defendants owed no fiduciary duty to plaintiffs and, because the only harm that plaintiffs alleged was the tender of less than full value for their stock, the dissenting shareholders' appraisal procedure in ORS 60.551 *et seq* is their exclusive remedy.[1] Because we agree with the first reason, we need not reach the second.

Defendants argue:

"Plaintiffs named 32 individual shareholders of CDS as defendants in their first claim, for breach of fiduciary duty, claiming that these shareholders owed them fiduciary duties as 'majority shareholders.' The trial court stated its belief that these individual shareholders, none of whom were majority shareholders, owed no fiduciary duties to plaintiffs.

"* * * * *

"Plaintiffs, the largest individual shareholders of CDS, and nominal defendants Perry and Kargman, owned 43% of

---

[1] An appraisal proceeding has been brought and tried, and a separate appeal from it is pending. *Chrome Data Systems, Inc. v. Stringer* (A65206).

the shares prior to the merger. Plaintiffs call themselves the 'Minority Shareholders.'

"Plaintiffs contend that *a majority shareholder* owes fiduciary duties to the minority. [Defendants] accept this as a general statement of the law, but it misses the point. There is no majority shareholder here and plaintiffs cite no case holding that an agglomeration of minority shareholders who approve a corporate action become 'majority shareholders' owing fiduciary duties to the remaining shareholders. Consequently, plaintiffs' claim for breach of fiduciary duty against these defendants, acting as shareholders of CDS, was properly dismissed." (Emphasis defendants'.)

We agree with defendants that only an individual or a small group of shareholders who own a majority of the voting shares, or shareholders who, for other reasons, have domination or control, owe fiduciary obligations to the minority.[2] *See Zidell v. Zidell, Inc. (24128),* 277 Or 413, 418, 560 P2d 1086 (1977), and authorities there cited; *Chiles v. Robertson,* 94 Or App 604, 619-23, 767 P2d 903, *modified* 96 Or App 658, 774 P2d 500, *rev den* 308 Or 592 (1989). We also agree that none of the 32 shareholder defendants is a majority shareholder. Plaintiffs appear to understand "majority shareholder" to mean every shareholder who participates in any majority vote. That understanding is wrong. The question is whether a given shareholder or small number of shareholders has the requisite power to dictate or dominate corporate decisions, not whether a group of small shareholders happens to have outvoted another group on a particular occasion. Plaintiffs' allegations show nothing more than the latter fact, and the assertions of nefarious motives in the complaint do not alter that.

Plaintiffs argue:

"Over and over again in their Response Briefs, defendants argue that plaintiffs' complaint 'merely allege[s] that a group of 32 shareholders approved the corporate action required to consummate the merger' and therefore that these 32 shareholders do not constitute 'dominating' shareholders. This is simply untrue.

---

[2] Six of the shareholder defendants are also directors of the corporation and, as such, owe fiduciary duties to plaintiffs. However, plaintiffs do not proceed against them on any theory related to their capacity as *directors.*

"The complaint alleges that at the time of the merger vote, *one single shareholder owned 57% of the Old CDS stock.* That 57% shareholder was [Car Data,] a corporation." (Emphasis plaintiffs'.)

However, that argument does not reflect and is foreign to plaintiffs' pleaded theory of the case, under which Car Data was alleged to be nothing more than the *alter ego* of, and vehicle for the machinations of, the 32 shareholders who created it. They received all of the shares of Car Data in exchange for the transfer of their CDS shares to Car Data, which then voted those shares in accordance with the "scheme" that plaintiffs ascribe to the shareholders. The corporation was not an independent or significant participant in the events that plaintiffs allege. It was, in practical effect, a proxy for 32 small shareholders.

■ The complaint makes a number of passing references to three of the defendant shareholders as "controlling shareholders." Plaintiffs argue that those references are sufficient to state a claim against at least those defendants on the theory that they had domination or control and therefore owed defendants a fiduciary duty. However, the allegations are merely conclusory. "Controlling shareholders" is not a term of art, but a label that can presumably be attached to many different varieties of dominance. In the absence of any allegation of the specifics by which the three purportedly enjoyed or exercised domination in a setting where they had nothing approaching a majority of the stock, plaintiffs have not sufficiently alleged a claim for breach of fiduciary duty against them.

Plaintiffs' breach of fiduciary duty claim against the attorneys asserts only concerted action between them and the shareholder defendants, and it fails with their claim against the other defendants.

■ The civil conspiracy claim also falls with the fiduciary duty claim. Civil conspiracy is not an "independent tort," and it presupposes an underlying unlawful purpose or unlawful means. *Bonds v. Landers,* 279 Or 169, 174-75, 566 P2d 513 (1977). Under the allegations, if defendants owed no fiduciary duty to plaintiffs, they did nothing unlawful. They simply

exercised the rights of shareholders to dispose of their stock and to participate in corporate governance.[3]

Affirmed.

---

[3] We need not decide whether a civil conspiracy claim *could* be predicated on conduct that violates a fiduciary duty but is not otherwise tortious or criminal. We also do not decide whether the attorneys *could* be liable under the pleaded facts, if a claim had been stated against the other defendants.