On appellants' petition for reconsideration filed September 27, reconsideration allowed; opinion (108 Or App 523, 816 P2d 677) modified and adhered to as modified November 27, 1991, reconsideration denied January 15, petition for review allowed March 24, 1992 (313 Or 74)

Paul H. STRINGER
and Timothy D. Schubert,
*Appellants,*

*v.*

CAR DATA SYSTEMS, INC.,
Consumer Data Systems, Inc., James L. Adkisson,
David W. Agnor, Sharon Agnor, James L. Agnor,
Arlene L. Belanger, Peter G. Bock, Susan D. Ebner,
Mark S. Boyd, Jeffrey Scott Carlson,
Lawrence R. Custer, Stephen J. Ebner,
William A. Henry, John H. Hodges, Sr.,
Bernal Hug, Jr., Virginia Hug, Celas A. Hug,
Kent Hug, Cheryl Hug, Paul E. Johnson,
Corleen Johnson, Mark Anthony Royal Kallenberger,
David E. Lamb, Jacqueline C. Lamb, Steven D. Lee,
Claudia J. Lee, Leslie R. Lock, Terry R. Lock,
Steve P. Nagel, Henry B. Shafer, Bob Sievers, Jr.,
Judy A. Sievers, Donald Smith, Richard M. Botteri
and Weiss, Descamp & Botteri,
*Respondents,*

*and*

Elizabeth A. PERRY
and James B. Kargman,
*Nominal Defendants.*

(A8907-04022; CA A65113)

821 P2d 418

Robert J. McGaughey, and McGaughey & Georgeff, Portland, for petition.

Before Richardson, Presiding Judge, and Deits and De Muniz, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs seek Supreme Court review and our reconsideration of our opinion. ORAP 9.15. We allow reconsideration to address one of their arguments.

We said:

"We agree with defendants that only an individual or a small group of shareholders who own a majority of the voting shares, or shareholders who, for other reasons, have domination or control, owe fiduciary obligations to the minority. *See Zidell v. Zidell, Inc. (24128)*, 277 Or 413, 418, 560 P2d 1086 (1977), and authorities there cited; *Chiles v. Robertson*, 94 Or App 604, 619-23, 767 P2d 903, *modified* 96 Or App 658, 774 P2d 500, *rev den* 308 Or 592 (1989). We also agree that none of the 32 shareholder defendants is a majority shareholder. Plaintiffs appear to understand 'majority shareholder' to mean every shareholder who participates in any majority vote. That understanding is wrong. The question is whether a given shareholder or small number of shareholders has the requisite power to dictate or dominate corporate decisions, not whether a group of small shareholders happens to have outvoted another group on a particular occasion." 108 Or App at 527. (Footnote omitted.)

■■ Plaintiffs contend, in essence, that the quoted statement is wrong, because any number of shares or shareholders that constitutes a majority and that act in concert can have the control necessary to give rise to a fiduciary duty to the minority. Although we disagree with the full thrust of that contention, we agree that our statement says more than we intended. Controlling status is not necessarily limited in all instances to "an individual or a small group of shareholders." However, we adhere to our conclusion that, as a matter of law, controlling status cannot be ascribed to the 32 individual shareholders who were able to outvote the other four by 57 percent to 43 percent on the particular issue involved here.

Plaintiffs' argument is not advanced by their insistence that the 32 shareholder defendants acted "in concert." That characterization adds nothing to the fact that those defendants were able to achieve a majority vote on the matter in question. We said in our opinion that "[t]hey simply exercised the rights of shareholders to dispose of their stock and to participate in corporate governance." 108 Or App at

528-29. (Footnote omitted.) That right of participation includes communication with and persuasion of other shareholders with regard to corporate matters. Were the rule otherwise, controlling status would attach to every shareholder who joins in a majority vote and who has not avoided all contact with other shareholders before casting the vote. Under plaintiffs' view, an owner of five shares of General Motors who responds favorably to a successful proxy solicitation would owe a fiduciary obligation to the president of the company, if the latter happens to vote differently. That would be absurd.

Reconsideration allowed; opinion modified and adhered to as modified.